IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

LARRY CATT, and
MARIA CATT,

    Plaintiffs,

v.

AGI TRUCKING INC, a For
Profit Corporation, APD LOGISTICS
INC, a For Profit Corporation and
AURELIUS JOHNATHAN WILLIAMS,
An individual,

    Defendants.
_____/

CASE NO.:
DIVISION:

**DEMAND FOR JURY TRIAL**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs LARRY CATT ("MR. CATT") and MARIA CATT ("MRS. CATT") (collectively referred to as "Plaintiffs" or the "CATTS"), by and through the undersigned counsel, hereby sue Defendants AGI TRUCKING INC ("AGI TRUCKING"), APD LOGISTICS INC ("APD LOGISTICS") and AURELIUS JOHNATHAN WILLIAMS ("WILLIAMS") (collectively referred to as "Defendants") as follows:

## NATURE OF THE ACTION

This personal injury case arises out of a rear-end commercial motor vehicle crash that occurred on January 13, 2025 when WILLIAMS, while driving a 2025 Freightliner tractor (the "Tractor") and hauling a 2023 Wabash trailer ("Trailer")(collectively, "Tractor-Trailer") for AGI TRUCKING under its USDOT operating authority, was driving too fast for conditions, fatigued and/or distracted and failed to stop for traffic ahead while driving northbound on Interstate 295 ("I-295"), Jacksonville, Duval County, Florida striking the rear side of Plaintiffs' vehicle (the

1

"Crash"). As a result of the Crash, MR. CATT and MRS. CATT sustained severe and permanent injuries.

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of fifty thousand dollars ($50,000.00) exclusive of costs, interest, and attorney's fees.

2. This personal injury action arises out of the January 13, 2025, commercial motor vehicle Crash that occurred on I-295 in Jacksonville, Duval County, Florida, which resulted in serious and permanent injuries to MR. CATT and MRS. CATT.

3. Venue is proper in Duval County pursuant to Fla. Stat. § 47.051 because the Crash occurred in Duval County.

4. At all relevant times, MR. CATT resided in Jacksonville, Duval County, Florida.

5. At all relevant times, MRS. CATT resided in Jacksonville, Duval County, Florida.

6. At all relevant times, Defendant WILLIAMS was a resident of Terry, Hinds County, Mississippi.

7. General personal jurisdiction over WILLIAMS is proper under the Florida Long Arm Statute and constitutional minimum contacts so that WILLIAMS could be sued in court in Florida for any litigated dispute, since WILLIAMS engaged in substantial and not isolated activity in Florida, including without limitation regularly conducting substantial business and other activities in Florida by providing services to persons and entities in this state on a daily basis; by regularly engaging in the hazardous activity of transporting goods and packages in interstate commerce over Florida roads and to and for Florida residents and businesses and providing services to customers using commercial transportation services in Florida that included transporting goods in interstate commerce at the time of the Crash.

8. Specific personal jurisdiction over WILLIAMS to be subject to Florida courts for this case is proper under the Florida Long Arm Statute and constitutional minimum contacts, because Defendant WILLIAMS committed the tortious act that gives rise to this action within the State of Florida.

9. At all relevant times, Defendant AGI TRUCKING (USDOT #2019189; MC#890687) was a For-Profit Corporation, engaging in interstate operations, with its principal place of business in Schaumburg, Cook County, Illinois.

10. General personal jurisdiction over AGI TRUCKING is proper under the Florida Long Arm Statute and constitutional minimum contacts so that AGI TRUCKING could be sued in court in Florida for any litigated dispute, since AGI TRUCKING engaged in substantial and not isolated activity in Florida, including without limitation regularly conducting substantial business and other activities in Florida by providing services to persons and entities in this state on a daily basis; by regularly engaging in the hazardous activity of regularly transporting goods and packages in interstate commerce over Florida roads and to and for Florida residents and businesses and providing services to customers using commercial transportation services in Florida that included transporting the goods in interstate commerce at the time of the Crash.

11. Specific personal jurisdiction over Defendant AGI TRUCKING to be subject to Florida courts for this case is proper under the Florida Long Arm Statute and constitutional minimum contracts, because Defendant AGI TRUCKING committed the tortious act that gives rise to this action within the State of Florida.

12. Florida's long-arm statute provides proper jurisdiction over defendant APD LOGISTICS, an out-of-state vehicle owner, for a crash occurring in Florida under the dangerous instrumentality doctrine.

13. Florida's Long-Arm Statute establishes jurisdiction over non-residents for committing a tortious act within the state, such as a vehicle crash, which extends to out-of-state owners like APD LOGISTICS. The dangerous instrumentality doctrine imposes vicarious liability on APD LOGISTICS as the vehicle owner for negligence by its permissive user, as vehicles are deemed inherently dangerous when entrusted for operation. By consenting to the vehicle's use on Florida roads, APD LOGISTICS created minimum contacts satisfying due process, with service permissible outside Florida under §48.194.

## FACTS REGARDING DEFENDANTS' ROLE IN INTERSTATE COMMERCE

14. The transportation of goods and operation of commercial motor vehicles weighing in excess of 26,000 pounds, in interstate commerce constitutes a hazardous activity that presents substantial dangers to the driving public when not done safely, properly and with due caution. Accordingly, there are a number of federal regulations, state statutes, industry standards and local ordinances that govern the qualification, training, supervision, and retention of professional tractor-trailer drivers, the proper maintenance and equipment for commercial motor vehicles, and the safe operation of brokers, motor carriers, commercial motor vehicles and professional Tractor-Trailer drivers.

15. At all times material, AGI TRUCKING was an authorized carrier with operating authority to transport goods in interstate commerce in the State of Florida pursuant to one or more permits issued by the Interstate Commerce Commission and/or by the United States Department of Transportation ("USDOT").

16. Accordingly, AGI TRUCKING was subject to all state and federal laws, statutes, regulations and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods

in interstate commerce, including without limitation Title XXIII of the Florida Statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations ("FMCSR's") set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

17. At all times material, AGI TRUCKING was regularly engaged in a commercial enterprise that involved the use of motor carriers, commercial motor vehicles, and licensed commercial motor vehicle drivers as an integral part of its business. As a result, AGI TRUCKING had a duty and obligation to the driving public to exercise reasonable care to select safe, competent, and conscientious motor carriers, commercial motor vehicles, and professional drivers to deliver those goods to end consumers.

18. In return for the privilege to operate commercial motor vehicles on the public highways transporting goods in interstate commerce, motor carriers like AGI TRUCKING must make certain safety related certifications and verifications to the USDOT. In order to obtain operating authority and get a USDOT Number, AGI TRUCKING had to submit a Form OP-1 Application for Motor Property Carrier.

19. Each Form OP-1 submitted contained a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that AGI TRUCKING has access to and is familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that AGI TRUCKING will comply with the FMCSR's at all times while operating a commercial motor vehicle in the United States.

20. More specifically, each Form OP-1 submitted contained a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration that, at a minimum, AGI TRUCKING:

    a. had and will have in place a system and an individual responsible for ensuring

         overall compliance with the FMCSR's;

   b. can produce a copy of the FMCSR's;

   c. had and will have in place a driver safety training/orientation program;

   d. had and will have prepared and maintained an accident register;

   e. is familiar with USDOT regulations governing driver qualifications and had and will have in place a system for overseeing driver qualification requirements;

   f. had and will have in place policies and procedures consistent with USDOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance;

   g. is familiar with, and had and will have in place a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

   h. must comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

21. An authorized representative of AGI TRUCKING swore under penalty of perjury to comply with the above "Safety Certifications."

22. AGI TRUCKING was required to and did submit an MCS-150 form to the USDOT that contained safety certifications signed under penalty of perjury that it was familiar with the FMCSR's.

23. An authorized representative of AGI TRUCKING swore under penalty of perjury to comply with the above Federal Motor Carrier Safety Regulations.

24. Upon information and belief, at the time of the Crash, Defendant APD LOGISTICS, was the registered owner of the 2025 Freightliner Cascadia Tractor bearing VIN#

3AKJHHDR8SSVY3615.

25.     At the time of the Crash, Defendant WILLIAMS was a class 1A licensed motor vehicle operator driving the Tractor-Trailer in interstate commerce under AGI TRUCKING's USDOT operating authority.

26.     At the time of the Crash, Defendant WILLIAMS was operating the Tractor-Trailer with the consent, permission of AGI TRUCKING and APD LOGISTICS.

27.     At all times material, Defendant WILLIAMS was an employee, statutory employee, agent, apparent agent, and/or servant contracted to perform services for AGI TRUCKING and under their operating authority. At the time and place of the Crash, Defendant WILLIAMS was acting within the course and scope of said employment, agency, apparent agency, and/or service and subject to AGI TRUCKING's control or right to control, such that AGI TRUCKING should be considered AGI TRUCKING's actual and statutory employer, agent, apparent agent and/or servant and therefore vicariously liable for Defendant WILLIAMS' negligence.

28.     Accordingly, WILLIAMS was subject to all state and federal laws, statutes, regulations, and industry standards governing the safe maintenance and operation of commercial motor vehicles including, without limitation, Florida Statute Chapter 316 governing state uniform traffic control and the FMCSR's set forth in 49 C.F.R. parts 371-397.

29.     At all times material, AGI TRUCKING had a duty to ensure that their drivers and vehicles were reasonably safe and complied with all laws, regulations and industry standards concerning the safe maintenance and operation of commercial motor vehicles.

30.     Operation of the Tractor-Trailer on the public highways involved the risk of physical harm unless it was carefully and skillfully done.

7

31. Accordingly, AGI TRUCKING, APD LOGISTICS and WILLIAMS are liable, jointly, and severally, in partnership, joint venture or sole proprietorship for the Crash described hereinafter and resulting damages claimed herein.

## FACTS REGARDING THE CRASH

32. On January 13, 2025, MR. CATT was the properly restrained driver of the 2017 Subaru Outback traveling northbound in the left lane on I-295, when WILLIAMS, driving the Tractor-Trailer for AGI TRUCKING under its USDOT operating authority, failed to stop for traffic stopped ahead on I-295, causing the front of the Tractor-Trailer to collide with the rear of the CATTS vehicle.

33. At approximately 5:31 p.m., Defendant WILLIAMS drove in a careless, and negligent manner when he failed to stop his Tractor-Trailer and crashed into the rear side of the 2017 Subaru Outback driven by MR. CATT.

34. At all relevant times, MR. CATT was the properly restrained driver of the 2017 Subaru Outback and did not contribute in any way to the Crash or his injuries.

35. At all relevant times, MRS. CATT was the properly restrained passenger of the 2017 Subaru Outback and did not contribute in any way to the Crash or her injuries.

36. Each Defendant acted in a manner that either alone or combined with the actions of other Defendants' acts of negligence directly and proximately caused the Crash and the resulting injuries to MR. CATT and MRS. CATT.

## DAMAGES

37. As a result of the Crash, MR. CATT suffered severe bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of

earnings, loss of ability to earn money, and aggravation of a previously existing condition, all of which are permanent and continuing. MR. CATT also suffered damages to personal property as a result of the Crash. ("MR. CATT's Damages").

38. As a result of the Crash, MRS. CATT suffered severe bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, all of which are permanent and continuing. ("MRS. CATT's Damages").

## COUNT I
## LARRY CATT NEGLIGENCE VS. AURELIUS JOHNATHAN WILLIAMS

MR. CATT realleges and incorporates herein the allegations in paragraphs 1-8, 14-31, 32-36 and 37.

39. Defendant WILLIAMS had a duty to operate the Tractor-Trailer in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles, including, without limitation, Florida Statute Chapter 316, et seq. and FMCSR's.

40. Defendant WILLIAMS breached those duties in one or more of, but not limited to, the following ways:

    a.    Driving carelessly in violation of Florida Statute §316.1925;

    b.    Driving too fast for conditions in violation of Florida Statute §316.185;

    c.    Failing to obey Florida's traffic laws in violation of Florida Statute §316.072;

    d.    Failing to keep a proper lookout;

    e.    Driving the Tractor-Trailer while distracted;

    f.    Driving the Tractor-Trailer while fatigued;

  g.  Failing to maintain control of the Tractor;

  h.  Failing to exercise reasonable care under all of the surrounding circumstances.

  41.  Defendant WILLIAMS' negligent conduct also violated laws intended to protect and prevent crashes with the motoring public, including MR. CATT.

  42.  Defendant WILLIAMS' negligence directly and proximately caused the Crash and MR. CATT's Damages.

  **WHEREFORE**, Plaintiff LARRY CATT demands judgment against Defendant WILLIAMS for all damages permitted by Florida law, costs, and post-judgment interest, together with such other and further relief this Court deems equitable and just.

## COUNT II
## LARRY CATT NEGLIGENCE VS. AGI TRUCKING INC

  MR. CATT realleges and incorporates herein the allegations in paragraphs 1-5, 9-11, 14-31, and 32-37.

  43.  Defendant AGI TRUCKING had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

  44.  Defendant AGI TRUCKING undertook the duty to transport or arrange for the transport of the Tractor-Trailer and therefore owed MR. CATT the duty to discharge the undertaken duty in a reasonably prudent manner and breached its undertaken duty as set forth herein.

  45.  Moreover, Defendant AGI TRUCKING had an independent duty to act reasonably in instructing, training, supervising and monitoring its drivers and other employees and agents, including Defendant WILLIAMS; to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; that its drivers knew of and abided by all

state and federal laws, statutes, regulations and industry standards governing the safe operation of commercial motor vehicles; and, to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

46. Defendant AGI TRUCKING breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

a. Failing to verify and ensure that Defendant WILLIAMS operated the Tractor-Trailer in a reasonably safe manner and abided by all state and federal laws and regulations governing the safe operation of commercial motor vehicles;

b. Failing to properly train and instruct Defendant WILLIAMS and its drivers on defensive driving, safe driving, proper stopping, and proper lookout;

c. Failing to properly supervise and/or monitor Defendant WILLIAMS and identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the Crash;

d. Knowingly failing to promote and enforce systems and procedures to ensure compliance, safety and accountability for the safe operation of commercial motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

e. Violating the applicable rules, laws and regulations pertaining to and governing the safe inspection, maintenance, and operation of commercial motor vehicles;

f. Failing to have an effective auditing or monitoring system in place to audit its drivers, or if they did have a system in place, they failed to utilize the system properly;

    g.    Knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles;

    h.    Failing to act upon and remedy known violations of the FMCSA regulations;

    i.    Failing to act upon and remedy known violations of industry standards;

    j.    Acting in conscious disregard for the rights and safety of others exposed to its dangerous employee, agent, and servant Defendant WILLIAMS;

    k.    Having a negligent mode of operation and poor safety culture that created a danger to everyone exposed to its commercial vehicle drivers including MR. CATT; and/or

    l.    Failing to exercise reasonable care under all of the surrounding circumstances.

47. Defendant AGI TRUCKING's negligent conduct also violated laws intended to protect and prevent crashes with the motoring public, including MR. CATT.

48. Defendant AGI TRUCKING's negligence directly and proximately caused MR. CATT's Damages.

**WHEREFORE**, Plaintiff LARRY CATT demands judgment against Defendant AGI TRUCKING INC, for all damages permitted by Florida law, costs, and post-judgment interest, together with such other and further relief this Court deems equitable and just.

## COUNT III
## LARRY CATT DANGEROUS INSTRUMENTALITY LIABILITY VS. DEFENDANT APD LOGISTICS INC

MR. CATT realleges and incorporates herein the allegations in paragraphs 1-5, 12-13, 14-31, and 32-37.

49. Upon information and belief, at the time of the Crash, the Tractor was owned, leased to or otherwise under the direction and control of Defendant APD LOGISTICS and Defendant WILLIAMS was operating the Tractor-Trailer, a dangerous instrumentality, with Defendant APD LOGISTICS' permission.

50. Therefore, Defendant APD LOGISTICS is strictly and vicariously liable for Defendant WILLIAMS' negligence, which caused MR. CATT's Damages.

**WHEREFORE**, Plaintiff LARRY CATT demands judgment against Defendant APD LOGISTICS for all damages permitted by Florida law, costs, and post-judgment interest, together with such other and further relief this Court deems equitable and just.

### COUNT IV
### MARIA CATT NEGLIGENCE VS. AURELIUS JOHNATHAN WILLIAMS

MRS. CATT realleges and incorporates herein the allegations in paragraphs 1-8, 14-31, 32-36 and 38.

51. Defendant WILLIAMS had a duty to operate the Tractor-Trailer in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles, including, without limitation, Florida Statute Chapter 316, et seq. and FMCSR's.

52. Defendant WILLIAMS breached those duties in one or more of, but not limited to, the following ways:

   a. Driving carelessly in violation of Florida Statute §316.1925;

   b. Driving too fast for conditions in violation of Florida Statute §316.185;

   c. Failing to obey Florida's traffic laws in violation of Florida Statute §316.072;

   d. Failing to keep a proper lookout;

   e. Driving the Tractor-Trailer while distracted;

   f. Driving the Tractor-Trailer while fatigued;

   g. Failing to maintain control of the Truck;

   h. Failing to exercise reasonable care under all of the surrounding circumstances.

53. Defendant WILLIAMS' negligent conduct also violated laws intended to protect

and prevent crashes with the motoring public, including MRS. CATT.

54. Defendant WILLIAMS' negligence directly and proximately caused the Crash and MRS. CATT's Damages.

**WHEREFORE**, Plaintiff MARIA CATT demands judgment against Defendant WILLIAMS for all damages permitted by Florida law, costs, and post-judgment interest, together with such other and further relief this Court deems equitable and just.

## COUNT V
## MARIA CATT NEGLIGENCE VS. AGI TRUCKING INC

MRS. CATT realleges and incorporates herein the allegations in paragraphs 1-8, 9-11, 14-31, 32-36 and 38.

55. Defendant AGI TRUCKING had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

56. Defendant AGI TRUCKING undertook the duty to transport or arrange for the transport of the Tractor-Trailer and therefore owed MRS. CATT the duty to discharge the undertaken duty in a reasonably prudent manner and breached its undertaken duty as set forth herein.

57. Moreover, Defendant AGI TRUCKING had an independent duty to act reasonably in instructing, training, supervising and monitoring its drivers and other employees and agents, including Defendant WILLIAMS; to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; that its drivers knew of and abided by all state and federal laws, statutes, regulations and industry standards governing the safe operation of commercial motor vehicles; and, to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

58. Defendant AGI TRUCKING breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   a. Failing to verify and ensure that Defendant WILLIAMS operated the Tractor-Trailer in a reasonably safe manner and abided by all state and federal laws and regulations governing the safe operation of commercial motor vehicles;

   b. Failing to properly train and instruct Defendant WILLIAMS and its drivers on defensive driving, safe driving, proper stopping and proper lookout;

   c. Failing to properly supervise and/or monitor Defendant WILLIAMS and identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the Crash;

   d. Knowingly failing to promote and enforce systems and procedures to ensure compliance, safety and accountability for the safe operation of commercial motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

   e. Violating the applicable rules, laws and regulations pertaining to and governing the safe inspection, maintenance, and operation of commercial motor vehicles;

   f. Failing to have an effective auditing or monitoring system in place to audit its drivers, or if they did have a system in place, they failed to utilize the system properly;

   g. Knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles;

   h. Failing to act upon and remedy known violations of the FMCSA regulations;

    i.        Failing to act upon and remedy known violations of industry standards;

    j.        Acting in conscious disregard for the rights and safety of others exposed to its dangerous employee, agent, and servant Defendant WILLIAMS;

    k.        Having a negligent mode of operation and poor safety culture that created a danger to everyone exposed to its commercial vehicle drivers including MRS. CATT; and/or

    l.        Failing to exercise reasonable care under all of the surrounding circumstances.

59.    Defendant AGI TRUCKING's negligent conduct also violated laws intended to protect and prevent crashes with the motoring public, including MRS. CATT.

60.    Defendant AGI TRUCKING's negligence directly and proximately caused MRS. CATT's Damages.

**WHEREFORE**, Plaintiff MARIA CATT demands judgment against Defendant AGI TRUCKING INC for all damages permitted by Florida law, costs, and post-judgment interest, together with such other and further relief this Court deems equitable and just.

### COUNT VI
### MARIA CATT DANGEROUS INSTRUMENTALITY LIABILITY VS. DEFENDANT APD LOGISTICS INC

MRS. CATT realleges and incorporates herein the allegations in paragraphs 1-5, 12-13, 14-31, 32-36 and 38.

61.    Upon information and belief, at the time of the Crash, the Tractor was owned, leased to or otherwise under the direction and control of Defendant APD LOGISTICS and Defendant WILLIAMS was operating the Tractor-Trailer, a dangerous instrumentality, with Defendant APD LOGISTICS' permission.

62.    Therefore, Defendant APD LOGISTICS is strictly and vicariously liable for Defendant WILLIAMS' negligence, which caused MRS. CATT's Damages.

**WHEREFORE**, Plaintiff MARIA CATT demands judgment against Defendant AGI TRUCKING INC for all damages permitted by Florida law, costs, and post-judgment interest, together with such other and further relief this Court deems equitable and just.

### TRIAL BY JURY

The Plaintiffs respectfully demand a trial by jury of all issues and counts so triable herein. Dated this 5nd day of December 2025.

                                                **THE TRUCK ACCIDENT LAW FIRM**

                                                */s/ Elias S. Samaan*
                                                **Joseph V. Camerlengo, B.C.S.**
                                                Florida Bar No.: 008192
                                                **Elias S. Samaan**
                                                Florida Bar No.: 1057892
                                                1200 Riverplace Blvd, Suite 902
                                                Jacksonville, Florida 32207
                                                (904) 306-9220 telephone
                                                (904) 306-9221 facsimile
                                                lss@truckcrashlaw.com
                                                jvc@truckcrashlaw.com
                                                team@truckcrashlaw.com

                                                *Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December 2025, a true and correct copy of the foregoing has been filed with the Court via the Florida Courts E-Filing Portal which will send an electronic copy to all counsel of record.

                                                */s/ Elias S. Samaan*
                                                **Attorney**