IN THE CIRCUIT COURT IN AND FOR THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY FLORIDA

LARRY CATT, and MARIA CATT,

  Plaintiffs,

v.

AGI TRUCKING INC, a For Profit Corporation, APD LOGISTICS INC, a For Profit Corporation and AURELIUS JOHNATHAN WILLIAMS, An individual,

  Defendants.

_____/

CASE NO.: 16-2025-CA-007617

## AGI TRUCKING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, AGI TRUCKING, INC. (hereinafter "Defendant" or "this Defendant"), by and through undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and in support thereof states:

Defendant denies the unparagraphed allegations contained under the heading **"NATURE OF THE ACTION"** and demands strict proof thereof at the trial for this cause.

1. Defendant is without knowledge as to the allegations in paragraph 1 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

2. Defendant denies the allegations in paragraph 2 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

3. Defendant is without knowledge as to the allegations in paragraph 3 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

4. Defendant is without knowledge as to the allegations in paragraph 4 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

5. Defendant is without knowledge as to the allegations in paragraph 5 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

6. Defendant is without knowledge as to the allegations in paragraph 6 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

7. Defendant is without knowledge as to the allegations in paragraph 7 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

8. Defendant is without knowledge as to the allegations in paragraph 8 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

9. Defendant denies the allegations in paragraph 9 that it engaged in interstate operations, but otherwise admits that its principal place of business is located in Illinois.  Any other allegation in paragraph 9 is denied.

CASE NO.: 16-2025-CA-007617

10. Defendant is without knowledge as to the allegations in paragraph 10 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

11. Defendant is without knowledge as to the allegations in paragraph 11 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

12. Defendant is without knowledge as to the allegations in paragraph 12 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

13. Defendant is without knowledge as to the allegations in paragraph 13 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

14. Defendant denies the allegations in paragraph 14 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

15. Defendant is without knowledge as to the allegations in paragraph 15 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

16. Defendant is without knowledge as to the allegations in paragraph 16 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

17. Defendant denies the allegations in paragraph 17 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

18. Defendant denies the allegations in paragraph 18 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

19. Defendant denies the allegations in paragraph 19 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

20. Defendant denies the allegations in paragraph 20 (including all subparts thereto) as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

21. Defendant denies the allegations in paragraph 21 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

22. Defendant denies the allegations in paragraph 22 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

23. Defendant denies the allegations in paragraph 23 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

24. Defendant denies the allegations in paragraph 24 and demands strict proof thereof at the trial for this cause.

25. Defendant denies the allegations in paragraph 25 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

26. Defendant is without knowledge as to the allegations in paragraph 26 of Plaintiffs' Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

27. Defendant denies the allegations in paragraph 27 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

CASE NO.: 16-2025-CA-007617

28. Defendant denies the allegations in paragraph 28 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

29. Defendant denies the allegations in paragraph 29 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

30. Defendant is without knowledge as to the allegations in paragraph 30 of Plaintiff's Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

31. Defendant denies the allegations in paragraph 31 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

32. Defendant denies the allegations in paragraph 32 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

33. Defendant denies the allegations in paragraph 33 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

34. Defendant is without knowledge as to the allegations in paragraph 34 of Plaintiff's Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

35. Defendant is without knowledge as to the allegations in paragraph 35 of Plaintiff's Complaint and therefore must deny such allegations and demands strict proof thereof at the trial for this cause.

36. Defendant denies the allegations in paragraph 36 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

37. Defendant denies the allegations in paragraph 37 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

38. Defendant denies the allegations in paragraph 38 as seeking legal conclusions and demands strict proof thereof at the trial for this cause.

## COUNT I
## LARRY CATT NEGLIGENCE VS. AURELIUS JOHNATHAN WILLIAMS

39. Defendant does not respond to the allegations contained in paragraphs 39-42 (including all subparts thereto) of Plaintiff's Complaint, as the allegations are not directed to this Defendant. To the extent such allegations are deemed directed to this Defendant, they are denied, and strict proof thereof is demanded.

## COUNT II
## LARRY CATT NEGLIGENCE VS. AGI TRUCKING, INC.

Defendant re-alleges and reaffirms its responses to 1-5, 9-11, 14-31 and 32-37, *in haec verba*.

40. Defendant denies the allegations in paragraph 43 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

41. Defendant denies the allegations in paragraph 44 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

42. Defendant denies the allegations in paragraph 45 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

43. Defendant denies the allegations in paragraph 46 (including all subparts thereto) of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

44. Defendant denies the allegations in paragraph 47 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

45. Defendant denies the allegations in paragraph 48 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

### COUNT III
### LARRY CATT DANGEROUS INSTRUMENTALITY LIABILITY VS. DEFENDANT APD LOGISTICS, INC.

46. Defendant does not respond to the allegations contained in paragraphs 49-50 of Plaintiffs' Complaint, as the allegations are not directed to this Defendant. To the extent such allegations are deemed directed to this Defendant, they are denied, and strict proof thereof is demanded.

### COUNT IV
### MARIA CATT NEGLIGENCE VS. AURELIUS JOHNATHAN WILLIAMS

47. Defendant does not respond to the allegations contained in paragraphs 51-54 (including all subparts thereto) of Plaintiffs' Complaint, as the allegations are not directed to this Defendant. To the extent such allegations are deemed directed to this Defendant, they are denied, and strict proof thereof is demanded.

### COUNT V
### MARIA CATT NEGLIGENCE V. AGI TRUCKING INC.

Defendant re-alleges its responses to paragraphs 1-8, 9-11, 14-31, 32-36 and 38, *in haec verba*.

48. Defendant denies the allegations in paragraph 55 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

49. Defendant denies the allegations in paragraph 56 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

50. Defendant denies the allegations in paragraph 57 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

51. Defendant denies the allegations in paragraph 58 (including all subparts thereto) of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

52. Defendant denies the allegations in paragraph 59 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

53. Defendant denies the allegations in paragraph 60 of Plaintiffs' Complaint and demands strict proof thereof at the trial for this cause.

## COUNT VI
## MARIA CATT DANGEROUS INSTRUMENTALITY LIABILITY VS. DEFENDANT APD LOGISTICS, INC.

54. Defendant does not respond to the allegations contained in paragraphs 61-62 of Plaintiffs' Complaint, as the allegations are not directed to this Defendant. To the extent such allegations are deemed directed to this Defendant, they are denied, and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

1. By and for its First Affirmative Defense, Defendant asserts that the Plaintiffs were comparatively negligent. Any recovery herein must be reduced by an amount equivalent to the Plaintiffs' degree of negligence.

2. By and for its Second Affirmative Defense, Defendant asserts that Plaintiffs were greater than 50% at fault in causing their own harm and therefore cannot recover.

CASE NO.: 16-2025-CA-007617

3. By and for its Third Affirmative Defense, Defendant asserts that the Plaintiffs are entitled to receive, has received or, in the future, may receive compensation for injury and damages sustained from collateral sources and this Defendant claims a set-off for said compensation pursuant to applicable Florida law.

4. By and for its Fourth Affirmative Defense, Defendant asserts that Plaintiffs have failed to mitigate damages in this case, which failure to mitigate should reduce their claim for damages in direct proportion thereto.

5. By and for its Fifth Affirmative Defense, Defendant alleges that any damages and/or injuries allegedly sustained by the Plaintiffs were caused due to the negligent acts of third parties over whom this Defendant had no control.

6. By and for its Sixth Affirmative Defense, Defendant alleges that the Plaintiffs' claimed injuries or damages were a result of a pre-existing medical condition or conditions and are unrelated to any act or omission of Defendant.

7. By and for its Seventh Affirmative Defense, Defendant contends that the Plaintiffs failed to use an available and operational seatbelt, which, if used, would have prevented or lessened the alleged injuries claimed by the Plaintiffs in this action. The Plaintiffs' damages, if any, should therefore be reduced by the percentage which would have been prevented had the Plaintiffs worn their seat belt.

8. By and for its Eighth Affirmative Defense, Defendant contends that the Plaintiffs' claimed injuries fail to satisfy the threshold of the Florida Automobile Reparations Reform Act and Plaintiffs' claims, as a result, therefore, are barred pursuant to Florida Statute § 627.737, *et. seq*.

CASE NO.: 16-2025-CA-007617

9. By and for its Ninth Affirmative Defense, Defendant contends that the Plaintiffs' Complaint fails to state causes of action under Florida law.

10. By and for its Tenth Affirmative Defense, Defendant contends that this accident gives rise to an apportionment of damages, if any, in relation to the degree of fault of the parties, persons, or employers, pursuant to the Florida Supreme Court decision of Fabre v. Marin, 623 So.2d 1182 (Fla. 1993). In compliance with Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla. 1996), Defendant will identify any non-party individual and/or entity that is wholly or partially responsible for the Plaintiffs' alleged damages before trial. Defendant reserves the right to identify any additional individuals or entities responsible for the Plaintiffs' alleged damages, in whole or in part, as they are revealed through discovery in this case.

11. By and for its Eleventh Affirmative Defense, Defendant contends that Plaintiffs caused their own alleged injuries and damages and therefore Defendant bears no responsibility or legal liability for said alleged injuries and damages.

12. By and for its Twelfth Affirmative Defense, Defendant contends that it is entitled to a set-off from the amount of any judgment to which the Plaintiffs would be otherwise entitled because of any release or covenant not to sue any person, firm or corporation in partial satisfaction of Plaintiffs' damages, per § 768.041.

13. By and for its Thirteenth Affirmative Defense, Defendant asserts any and all available rights, defenses and affirmative defenses available under the Florida Tort Reform Act (House Bill 837 signed into law on March 24, 2023).

14. By and for its Fourteenth Affirmative Defense, Defendant asserts that Plaintiffs' claimed damages are unrelated to any act or omission of Defendant.

15. By and for its Fifteenth Affirmative Defense, Defendant asserts that Plaintiffs' past and future medical expenses are limited in accordance with Florida Statute §768.0427.

16. By and for its Sixteenth Affirmative Defense, Defendant asserts that it is not liable to Plaintiff pursuant to The Graves Amendment, 49 U.S.C. §30106. This Defendant rented or leased the subject vehicle at the time of the incident, the subject incident occurred during the period of the rental or lease, and there is no negligence or criminal wrongdoing on the part of this Defendant.

17. By and for its Seventeenth Affirmative Defense, Defendant asserts that is liability is limited in accordance with Florida Statute § 324.021(9)(b)2.

18. By and for its Eighteenth Affirmative Defense, Defendant asserts that it did not own the vehicle that was operated at the time of the motor vehicle accident and therefore it cannot be held liable.

19. By and for its Nineteenth Affirmative Defense, Defendant asserts that it did not employ the alleged tortfeasor at any time material and/or the alleged tortfeasor was not in the course and scope of his employment with this Defendant at the time of the subject accident, therefore this Defendant cannot be held liable.

20. Defendant reserves the right to add affirmative defenses as discovery and investigation continues.

CASE NO.: 16-2025-CA-007617

## **DEMAND FOR JURY TRIAL**

Defendant, AGI TRUCKING, INC. demands a trial by jury as to all issues triable by jury as a matter of right.

**WHEREFORE**, the Defendant, AGI TRUCKING, INC. respectfully requests this Court to enter an Order dismissing this cause with prejudice, requests taxable costs, and further demands trial by jury as to all issues triable by jury as a matter of right.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of February 2026, a true and correct copy of the foregoing was filed with the Clerk of Duval County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system.

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendants, AGI Trucking, Inc. and Aurelius Johnathan Williams*
4190 Belfort Road, Suite 300
Jacksonville, Florida 32257
Telephone (904) 672-4046
Facsimile (904) 672-4050
Primary e-mail: sami.achem@csklegal.com
Secondary e-mail: justin.popple@csklegal.com
Alternate e-mail: evan.moody@csklegal.com
carlee.mercer@csklegal.com

By: /s/ Sami R. Achem, Jr.
SAMI R. ACHEM, JR.
Florida Bar No.: 93892
JUSTIN B. POPPLE
Florida Bar No.: 0169193