**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LARRY CATT and MARIA CATT,

       Plaintiffs,

v.                                                                    Case No. 3:26-cv-351-TJC-PDB

AGI TRUCKING, INC.,
APD LOGISTICS, INC., and
AURELUIS JOHNATHAN WILLIAMS

       Defendants.

## O R D E R

Defendant AGI Trucking, Inc., removed this truck accident case from state court invoking the Court's diversity jurisdiction. See Doc. 1. In its Notice of Removal, AGI represented, inter alia, that it had secured the consent of APD Logistics, the only other defendant which had been served (id. at ¶ 7), the citizenship of the parties was diverse (id. at ¶ 1), and the amount in controversy exceeded $75,000 (id. at ¶ 5). To support the amount in controversy, AGI relied on written settlement demands from plaintiffs for $300,000 and $500,000, noting that the demands discussed Mr. Catt's damages which included alleged aggravation of a pre-existing knee injury necessitating surgery and significant pain, and likely requiring a total knee replacement. See id. at ¶ 5; Doc. 1, Ex. C at 58-64.

Plaintiffs move to remand, arguing that AGI failed to secure the consent of its co-defendants and that the amount in controversy is not satisfied[1] (Doc. 9); AGI responded in opposition (Doc. 10), attaching an affidavit of service demonstrating that its co-defendant Aurelius Johnathan Williams was served after the notice of removal was filed (albeit by mere minutes) (Doc. 10, Ex. A.)

A removing party bears the burden of demonstrating that federal jurisdiction is proper. See, e.g., Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When a removing defendant's allegations as to the amount in controversy are challenged, the defendant must demonstrate by a preponderance of the evidence that the amount in controversy is satisfied. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88-89 (2014).

As to the consent of its co-defendants, AGI represented in its Notice of Removal that APD consented to removal and Williams had not yet been served so his consent was not required. AGI then supported the latter point with the process server's affidavit of service. See Doc. 10, Ex. A. In the absence of any evidence to the contrary, AGI has satisfied the unanimity requirements of the

---

[1] As plaintiffs agree, the parties' citizenship is diverse. See Doc. 1 at ¶ 1.

In addition to arguing that AGI failed to secure the consent of its co-defendants or to demonstrate the appropriate amount in controversy, plaintiffs also argued that AGI did not assert a basis for the Court to exercise jurisdiction, but AGI's Notice of Removal plainly states that removal is based on 28 U.S.C. § 1332—the diversity statute. See Doc. 1 at ¶¶ 1, 5.

removal statute.   AGI's representation as to APD's consent is sufficient and, as Williams had not yet been served, his consent was not required.[2]   See 28 U.S.C. § 1446(b)(2)(A) (requiring that all defendants "properly joined and served" "join in or consent" to the removal) (emphasis added); Kicklighter v. Adams, No. CV 623-016, 2024 WL 586481, at *3 (S.D. Ga. Feb. 13, 2024) (noting absence of Eleventh Circuit authority on the topic and stating:   "As the plain language of the statute does not require all defendants to sign the notice of removal, the Court looks only to whether Defendants have carried their burden to establish all Defendants consented to removal at the time of removal."); Goss v. Aetna, Inc., 360 F. Supp. 3d 1364, 1369-70 (N.D. Ga. 2019) (noting some disagreement among district courts but following the precedent of the "numerous" courts that "have adopted the view that an allegation of consent satisfies the requirement of unanimous consent for purposes of removal) (citing Fourth, Ninth, and Sixth Circuit opinions).

As to the amount in controversy, while standing alone, demand letters for

---

[2] Williams has since appeared and answered the complaint.   See Doc. 7. APD has not appeared and plaintiffs secured a clerk's default against it before the case was removed.   See Doc. 1-4 at 32.   "After removal, state court proceedings are treated as those of the district court . . . ."   Jackson v. American Sav. Mortg. Corp., 924 F.2d 195, 198 (11th Cir. 1991).   Thus, if plaintiffs intend to pursue their claims against APD, seeking default judgment would be their next step.   Given that plaintiffs had moved to remand (so did not know the case would remain in federal court) the Court sua sponte extends the deadline under Local Rule 1.10(c) until **May 5, 2026** for plaintiffs to move for default judgment or to seek a further extension thereof.

3

$300,000 and $500,000 figures might be mere puffery, the email exchange that includes these figures stated that Mr. Catt had already incurred medical expenses of $35,000-$40,000, has experienced "significant pain and limitation to his knee," and has been recommended for total knee replacement surgery due to the accident.  See Doc. 1, Ex. C at 60, 61.  Moreover, plaintiffs' rejection of AGI's offers of $85,000 and then $125,000 to Mr. Catt (and $5,000 to Mrs. Catt) (id. at 60) reveals plaintiffs believe the amount in controversy exceeds $75,000. The amount in controversy is based on plaintiffs' expectations of what the case is worth; thus, plaintiffs' suggestion that AGI disagrees as evidenced by its Answer which raised nineteen affirmative defenses and denied plaintiffs' allegation that their damages exceed $50,000 (the state court jurisdictional threshold), is without effect.  See, e.g., Ericsson GE Mobile Comms., Inc. v. Motorola Comms. & Elecs., Inc., 120 F.3d 216, 219-20 (11th Cir. 1997) (holding that for purposes of assessing the amount in controversy, the value of the object of the litigation is assessed from plaintiff's viewpoint, not defendant's).

Additionally, to the extent plaintiffs suggest that these emails are confidential settlement discussions that cannot be used in litigation, such documents are frequently considered for the limited purpose of assessing amount in controversy.  See, e.g., Lowery v. Alabama Power Co., 483 F.3d 1184, 1212 n.62 & 1214 n.66 (11th Cir. 2007) (listing a settlement demand as an example of the documents that could be considered in determining the

4

amount in controversy); <u>Stratmann v. State Farm Mut. Auto. Ins. Co.</u>, No. 6:15-cv-1036-Orl-31KRS, 2015 WL 12861146, at *1 (M.D. Fla. July 28, 2015) (considering demand letter in determining amount in controversy, notwithstanding plaintiff's Fla. Stat. § 90.408 objection); <u>Floyd v. Wal Mart Stores East, LP</u>, No. 3:12-cv-336/RS-CJK, 2012 WL 3155784, at *2 (N.D. Fla. Aug. 3, 2012) ("[C]onfidentiality does not bar the use of a confidential settlement demand for the purpose of satisfying the amount in controversy requirement of 28 U.S.C. § 1332."). AGI has met its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Motion to Remand (Doc. 9) is **DENIED**.

2. The parties shall continue to be governed by the Case Management and Scheduling Order already in place (Doc. 12).

3. No later than **May 5, 2026**, plaintiffs shall seek default judgment as to defendant APD Logistics, Inc. (or, by the same deadline, shall seek an extension of time in which to do so).

5

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record

6